ENTERED ON DOCKET
APR 04 2005

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | : | CASE NUMBER |
| | : | |
| OTHEL DEWAYNE BREWER, | : | 04-72039-WHD |
| | : | |
| | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 7 OF THE |
| DEBTOR. | : | BANKRUPTCY CODE |

## O R D E R

Before the Court is the Motion to Reopen Case, filed by the Debtor in the above-captioned bankruptcy case. The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on July 27, 2004, and Angelyn Wright (hereinafter the "Trustee") was appointed as the trustee of the Debtor's bankruptcy estate. On October 11, 2004, the Trustee filed a report of no distribution. Subsequently, the Debtor received a discharge, and the case was closed.

On March 14, 2005, the Debtor filed the instant motion, seeking to reopen his bankruptcy case for the purpose of amending the schedules. The Debtor states that he needs to amend his schedules to add a pre-petition creditor.

Pursuant to § 350(b), the Court may reopen a closed bankruptcy case to grant relief to the debtor or for other cause. *See* 11 U.S.C. § 350(b). Bankruptcy courts often allow debtors to reopen their bankruptcy cases for the purpose of amending the schedules, as debtors are generally permitted to amend their schedules at any time, absent a finding of fraud or other wrongful conduct. *See* FED. R. BANKR. P. 1009(a). However, in this case,

the proposed amendment would be futile, and the Court finds that reopening the case would serve no purpose.

The Debtor appears to have filed this motion because he believes that the omitted debt will not be discharged unless the debt is included on the schedules. In a Chapter 7 case in which no assets are available for distribution to creditors, an unscheduled debt will be discharged unless the debt is nondischargeable pursuant to § 523(a) or "the debt was not of the type in [523](a)(2), (a)(4), or (a)(6), *and* the debt was unscheduled by fraud or intentional design." *In re Cheely*, 280 B.R. 763 (Bankr. M.D. Ga. 2003) (citing *In re Baitcher*, 781 F.2d 1529 (11th Cir. 1984)); *see also In re Houston*, 310 B.R. 224 (Bankr. M.D. Ala. 2004) (citing *Zirnhelt v. Madaj (In re Madaj)*, 149 F.3d 467, 468-69 (6th Cir.1998); *Judd v. Wolfe (In re Wolfe)*, 78 F.3d 110, 114-15 (3d Cir.1996); *Beezley v. California Land Title Co. (In re Beezley)*, 994 F.2d 1433, 1434 (9th Cir.1993); *In re Alexander,* 300 B.R. 650, 656-57 (Bankr. E.D. Va.2003); *In re Hunter,* 283 B.R. 353, 356-57 (Bankr. M.D. Fla.2002); *In re Keenom,* 231 B.R. 116, 119-20 (Bankr. M.D. Ga.1999); *In re James,* 184 B.R. 147, 149-50 (Bankr. N.D. Ala.1995)); *In re Gusek,* 310 B.R. 400 (Bankr. E.D. Wisc. 2004) ("[T]he plain language of §§ 727(b) and 523(a)(3) of the Bankruptcy Code provides that reopening the case and amending the schedules to add unlisted creditors does *not* affect whether those debts are discharged."). Therefore, unless there is reason to believe that the omitted debt may be nondischargeable under § 523(a), or that the debtor has intentionally failed to disclose the debt, the debt will have been

discharged, and there is no reason for the debtor to amend the bankruptcy schedules to include the debt.

In this case, the Motion contains no information to suggest that § 523(a) would apply to the debt at issue or that the Debtor's failure to include the debt was the result of fraud. Accordingly, the Court finds that the Debtor's proposed amendment is unnecessary. It appearing that the reopening of the Debtor's case would serve no purpose, the Debtor's Motion to Reopen is hereby **DENIED**.

**IT IS SO ORDERED.**

At Atlanta, Georgia, this ___4___ day of April, 2005.

_____
W. HOMER DRAKE, JR.
UNITED STATES BANKRUPTCY JUDGE